People v Scott (2023 NY Slip Op 00589)

People v Scott

2023 NY Slip Op 00589

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND MONTOUR, JJ.

962 KA 21-00374

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NA'FARAN SCOTT, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered November 9, 2020. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed on his conviction, by plea of guilty, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), and sentencing him to a term of incarceration. We affirm. While on probation, defendant was charged with criminal possession of a weapon in the second degree, among other offenses, resulting in a violation petition being filed against him. The petition alleged other violations as well, including the failure to report to his probation officer. Defendant thereafter admitted that he violated the terms and conditions of probation in return for dismissal of the new charges and a promised sentence. Supreme Court imposed the promised sentence, which defendant now contends is unduly harsh and severe.
Based on our review of the record, we perceive no basis to exercise our power to modify the negotiated sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court